UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Thelonious Jackson,

              Plaintiff,      Case No. 13-cv-15178
                                Hon. Judith E. Levy
v.                                 Mag. Judge Mona K. Majzoub

Daniel Lubelan and Platt R.
Weinrick,

              Defendants.

_____/

**OPINION AND ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT [41]
AND DISMISSING CASE**

This is an excessive force case. Plaintiff alleges that defendants handcuffed him during an arrest, and applied the handcuffs excessively tight. Pending is defendants' motion for summary judgment. (Dkt. 41.)

**I.    Factual Background**

On December 22, 2011, defendants Daniel Lubelan and Platt Weinrick, Michigan State Police officers, pulled plaintiff over in Flint, Michigan, for expired tags. Officer Lubelan approached plaintiff's car on the driver's side, and Weinrick approached it on the passenger's side.

Lubelan asked for plaintiff's identification and proof of insurance, ran the information through the police database, and discovered that plaintiff had three outstanding arrest warrants.

Defendants then arrested plaintiff for the outstanding warrants. Plaintiff alleges that Lubelan handcuffed him, and the handcuffs were extremely tight, and that he experienced pain while the handcuffs were on. (Dkt. 43-2 at 11.) He further alleges that he told defendants the handcuffs were too tight, but they either did nothing or told him not to worry about it. (Id.) Plaintiff then states that Lubelan "went and talked to [Weinrick] for a moment or so, . . . and [then] we walked around to the right side of the officers' vehicle." (Id.) Plaintiff states that he complained about the tightness of the cuffs once more, and then Lubelan "lift[ed] [him] up from the – from [his] wrist to put [him] in the car[.]" (Id.) "[W]hen [Lubelan] lifted up on it it kind of pinched [plaintiff's] nerves in [his] neck." (Id.) Plaintiff's primary physical complaint is of tingling and numbness in his right wrist, which began "[a]bout a minute after the cuffs were placed." (Id. at 17.)

Plaintiff then alleges that he told the officers repeatedly during the thirty-minute wait for a tow truck and subsequent transport to the

jail that his handcuffs were too tight, and the officers did nothing. Plaintiff was in jail for the next ten days, and then sought medical attention after his release.[1]

On January 26, 2012, plaintiff was initially diagnosed with carpal tunnel syndrome and inflamed nerves in his wrist after complaining of numbness. (Dkt. 43-5 at 2.) The pain did not subside, and plaintiff sought further medical treatment in June 2012, complaining of "discomfort in his neck and right cervical area." (Dkt. 43-7 at 2.) His test results suggested cervical nerve root compression. (Id. at 3.) Plaintiff testified at deposition that he was told by his doctor that the cause of his wrist and neck pain was a pinched nerve in his neck. (Dkt. 41-6 at 7; *see also* Dkt. 43-7.)

Plaintiff filed suit on December 19, 2013, against Genesee County and unknown officers, and amended his complaint on December 16, 2014. (Dkt. 33.) Defendants filed a motion for summary judgment on August 31, 2015 (Dkt. 41), and the motion is now fully briefed. Oral argument was held on December 2, 2015.

---

[1] Plaintiff testified that he sent a medical kite while in jail, and may have seen a nurse. (Dkt. 43-2 at 12-13.) At oral argument, defendant's counsel stated that no record of the kite or the nurse visit exist.

3

## II. Legal Standard

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court may not grant summary judgment if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248. The Court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004) (citing *Skousen v. Brighton High Sch.*, 305 F.3d 520, 526 (6th Cir.2002)).

## III. Analysis

Plaintiff asserts three claims against defendants: 1) violation of the Fourth Amendment through use of excessive force in handcuffing; 2) assault and battery; and 3) gross negligence. (*See* Dkt. 33.)

### A. Excessive Force Claim

To survive a motion for summary judgment, a plaintiff asserting a handcuffing excessive force claim must offer sufficient evidence to create a genuine issue of material fact that: (1) he or she complained the

4

handcuffs were too tight; (2) the officer ignored those complaints; and (3) the plaintiff experienced some physical injury resulting from the handcuffing. *Baynes v. Cleland*, 799 F.3d 600, 608 (6th Cir. 2015). Defendants stipulate that plaintiff has met the first two elements of this test based on his testimony. (Dkt. 41 at 18.) They argue that plaintiff has not established the third element: some physical injury resulting from the excessively tight handcuffing.

At this stage, plaintiff does not bear an onerous evidentiary burden in establishing an issue of material fact as to physical injury; a plaintiff's testimony alone is sufficient to create a genuine issue of material fact. *See, e.g.*, *id.* at 609 (holding that the plaintiff's testimony that he could not feel his fingers because of the tightness of the handcuffs and that he still experienced numbness in his fingers was sufficient to survive summary judgment); *Morrison v. Bd. of Trustees of Green Twp.*, 583 F.3d 394, 402-03 (6th Cir. 2009) (holding that testimony the plaintiff suffered wrist marks and bruising from the handcuffs was sufficient); *Martin v. Heideman*, 106 F.3d 1308, 1310, 1312-13 (6th Cir. 1997) (holding that plaintiff's testimony that he

5

experienced numbness and swelling from excessively tight handcuffs was sufficient).

Here, however, plaintiff conflates two acts: excessively tight handcuffing, from which he has not alleged any injury, and an awkward twisting of his arm, from which he has alleged an injury, supported by numerous medical records. Plaintiff alleges that the following series of events occurred: he was asked to exit his vehicle, and then handcuffed. Plaintiff complained of the tightness of the handcuffs, while the officer who handcuffed him spoke to his partner for a "moment or so." Plaintiff was then placed into the police car, during which his wrist was awkwardly twisted and he felt a pinch in his neck. "[A]bout a minute after the cuffs were placed" on his wrists, plaintiff began to feel numbness and tingling in his right wrist.

Instead, what plaintiff has alleged is an injury resulting from the awkward twisting of his wrist while he was being placed in the car. Plaintiff has not identified any physical injury other than general and unspecified pain that resulted from the handcuffs being too tight. Instead, he has identified an act – the awkward twisting of his wrist resulting in the pinching of a nerve – from which injury resulted.

Certainly, this awkward placement was used because plaintiff was handcuffed, but the tightness of the handcuffs did not have any impact on this maneuver at the time he was placed in the car. Plaintiff's doctors have diagnosed him with a pinched nerve resulting in the injuries he sustained (and to the extent his initial assessment did not state that the cause was a pinched nerve, it did not establish that the cause was or could have been the excessively tight handcuffing).

Plaintiff's timeline of events also establish that his pain began when his wrist was twisted. Plaintiff testified that he was handcuffed for a moment while Lubelan talked to Weinrick, and then walked over to the police car, where his wrist injury occurred while being placed in the car. He also states that his wrist began to hurt about a minute after the cuffs were placed on him – in other words, roughly at the time his wrist was awkwardly twisted. Plaintiff has not provided evidence that there was any time during which he was physically injured prior to the twisting, and his medical records establish that the likely cause of any wrist problems was the twisting.

Because plaintiff has not created a genuine issue of material fact that he experienced physical injury resulting from the handcuffing,

7

rather than the independent awkward twisting of his wrist while he was handcuffed, his excessive force claim must be dismissed.

### B. Qualified Immunity

Defendants assert that they are also entitled to qualified immunity as to plaintiff's claims. To the extent that plaintiff alleges that defendants violated his Fourth Amendment rights in some manner other than the handcuffing (namely, the manner in which plaintiff's arms and wrists were moved when being put into the car), qualified immunity is warranted.

"[A] defendant is entitled to qualified immunity on summary judgment unless the facts, when viewed in the light most favorable to the plaintiff, would permit a reasonable juror to find that: (1) the defendant violated a constitutional right; and (2) the right was clearly established." *Bishop v. Hackel*, 636 F.3d 757, 765 (6th Cir. 2011). It does not appear that plaintiff is asserting that defendants violated the Fourth Amendment through any action other than the handcuffing, and he has provided no evidence that defendants did so. Notably, plaintiff characterizes defendants' efforts as "help[ing] me get in the car," and does not contend that he was mistreated as they did so beyond the

tightness of the handcuffs, or that the officers otherwise acted unreasonably. (Dkt. 43-2 at 17.)

### C. Assault and Battery

Plaintiff alleges that defendants committed assault and battery against him. "To recover civil damages for assault, plaintiff must show an intentional unlawful offer of corporal injury to another person by force, or force unlawfully directed toward the person of another, under circumstances which create a well-founded apprehension of imminent contact, coupled with the apparent present ability to accomplish the contact." *VanVorous v. Burmeister*, 262 Mich. App. 467, 482-83 (2004). "To recover for battery, plaintiff must demonstrate a willful and harmful or offensive touching of another person which results from an act intended to cause such a contact." *Id.* at 483.

Governmental employees in Michigan are immune from tort liability for negligent torts if 1) the employee is acting or reasonably believes he or she is acting within the scope of his or her authority; 2) the agency for which the employee works is engaged in the exercise or discharge of a governmental function; and 3) the employee's conduct

9

does not amount to gross negligence that is the proximate cause of the injury or damage. M.C.L. § 691.1407(2).

In *Odom v. Wayne County*, 482 Mich. 459 (2008), the Michigan Supreme Court determined that the proper test for governmental employee liability from intentional torts remained the same as it did before the passage of subsection (2) of § 691.1407. *Odom*, 482 Mich. at 470. That test grants immunity where 1) an employee's acts were taken during the course of employment and the employee was acting, or reasonably believed he was acting, within the scope of his authority; 2) the acts were taken in good faith; and 3) the acts were discretionary/decisional, as opposed to ministerial/operational. *Id.* at 468 (citing *Ross v. Consumers Power Co.*, 420 Mich. 567, 633-34 (1984)). Because assault and battery are intentional torts, the *Odom* test applies.

Defendants argue that the plaintiff's arrest and handcuffing were taken during the course of their employment and within the scope of their authority to arrest a person with outstanding warrants, and that the acts were discretionary. Defendants also argue that their handcuffing of plaintiff was done in good faith.

Plaintiff disputes each of these elements. Plaintiff argues that defendants could not have believed they were acting within the scope of their employment "[b]ased on the violent actions/inactions taken against [him][.]" (Dkt. 43 at 25.) A police officer handcuffing a person under arrest pursuant to multiple valid arrest warrants is squarely within the scope of that officer's authority.

Plaintiff next argues that defendants' acts were not taken in good faith. Under Michigan law, "good faith" means "acting without malice." *Odom*, 482 Mich. at 474. Under the good faith standard, an "action may lie only if the officer has utilized wanton or malicious conduct or demonstrated a reckless indifference to the common dictates of humanity." *Id.* (further citation omitted). Plaintiff does not explain how defendants' actions were "wanton" or "malicious," nor how they "demonstrated a reckless indifference to the common dictates of humanity." Instead, plaintiff points to his allegations and concludes that there can be no dispute this standard is met.

The true issue, then, is whether handcuffing a compliant individual is a discretionary or ministerial act. Defendants argue that

11

the decision to stop and arrest plaintiff was discretionary, but do not specifically argue that the handcuffing itself was discretionary.

Ministerial acts require "obedience to orders or the performance of a duty in which the individual has little or no choice[.]" *Id.* at 475-476 (internal quotation marks and citations omitted). "[H]andcuffing an individual under normal circumstances incident to an arrest without resistance may be a ministerial act[.]" *Oliver v. Smith*, 290 Mich. App. 678, 690 (2010). "Ministerial-operational acts involve the execution or implementation of a decision and entail only minor decision-making." *Ross*, 420 Mich. at 592. "[A]n officer's decision concerning what type of action to take, e.g., to make an arrest, issue a warning, or wait for assistance, is a discretionary act entitled to immunity. However, the execution of that decision is merely a ministerial act." *Oliver*, 290 Mich. App. at 690. "It was generally conceded in *Ross* that a police officer's use of excessive force in effectuating an arrest is a ministerial act and not entitled to the cloak of immunity." *Butler v. Detroit*, 149 Mich. App. 708, 718 (1986).

Handcuffing during a regular arrest of a compliant individual may be, under Michigan law, ministerial. The apparent exception is when

12

the individual does something during the arrest that would require the officer to use his or her discretion to determine the proper method of handcuffing the individual. The Court, based on the record before it, cannot determine whether defendants' handcuffing of plaintiff was discretionary or ministerial as a matter of fact or law.

Because the Court has dismissed plaintiff's federal constitutional claim, it will decline to exercise jurisdiction over plaintiff's supplemental state law claim. *See* 28 U.S.C. § 1367(c)(3). Accordingly, this claim is dismissed without prejudice to being raised in Michigan state court. 28 U.S.C. § 1367(d).

### D. Gross Negligence

Plaintiff also asserts a claim for gross negligence under M.C.L. § 691.1407(2). (Dkt. 33 at 5-6.) The Governmental Liability Act does not create a separate cause of action for gross negligence. Instead, it establishes that a governmental employee is entitled to immunity for negligent tort claims unless the employee's conduct "amount[s] to gross negligence" as defined by M.C.L. § 691.1407(8)(a). M.C.L. § 691.1407(2).

13

Plaintiff does not assert any tort claims premised on the negligence of defendants, and cannot convert his intentional tort claims into gross negligence claims. *VanVorous v. Burmeister*, 262 Mich. App. 467, 483-84 (2004) (overturned on other grounds by *Odom v. Wayne County*, 482 Mich. 459 (2008)). Accordingly, plaintiff's gross negligence claim is dismissed.

IV. Conclusion

For the reasons set forth above, it is hereby ordered that:

Defendants' motion for summary judgment (Dkt. 41) is GRANTED as to plaintiff's excessive force and gross negligence claims;

Defendant's motion for summary judgment is DENIED as to plaintiff's assault and battery claim;

Plaintiff's assault and battery claim is DISMISSED WITHOUT PREJUDICE due to lack of a claim over which the Court has original jurisdiction; and

Plaintiff's case is DISMISSED.

IT IS SO ORDERED.


Dated: December 8, 2015             s/Judith E. Levy
Ann Arbor, Michigan                 JUDITH E. LEVY
                                    United States District Judge

14

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 8, 2015.

s/Felicia M. Moses
FELICIA M. MOSES
Case Manager
